UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23226-CV-WILLIAMS
(18-20588-CR-WILLIAMS)
MAGISTRATE JUDGE REID

RANDY RAYSHON WHITEHEAD,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

## REPORT OF MAGISTRATE JUDGE

Movant has filed a "motion for writ of error coram nobis ('motion')." [Cv-ECF No. 1 at 1].[1] In January 2019, movant was sentenced to 148 months' imprisonment following pleading guilty to one count of possession of a firearm in furtherance of a drug trafficking offense. [Cr-ECF No. 56 at 1-2]. Movant is still incarcerated. [Cv-ECF No. 1 at 13-14].

In this motion, movant appears to allege that the government lacked "standing" and jurisdiction to prosecute him because it failed to demonstrate that his possession of a handgun injured the United States and his crime was "victimless," and because the state of Florida "commenced actions against" him in connection

---

[1] All page citations to ECF entries refer to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

1

with the same conduct. *See* [*id.* at 3-11]. He seeks the invalidation of his conviction and immediate release from BOP custody. [*Id.* at 13].

"A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *Pena v. United States*, 812 F. App'x 976 (11th Cir. 2020) (Mem) (per curiam) (citation omitted). "[E]rrors the petitioner could have raised earlier—but failed to—do not warrant *coram nobis* relief." *United States v. Marchesseault*, 692 F. App'x 601, 603 (11th Cir. 2017) (per curiam) (citation omitted).

Here, because petitioner is in custody, a writ of error coram nobis is unavailable to him. Also, he could have raised his claims in his criminal case. Although he raises a claim of "jurisdictional error [,]" *id.* (citation omitted), the claim is not "genuine," *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000); *see also United States v. Lanza*, 260 U.S. 377, 382 (1922) ("[A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each."); *United States v. Grimon*, 923 F.3d 1302, 1305 (11th Cir. 2019) ("[I]f an indictment itself alleges a violation of a valid federal statute, the district court has subject matter jurisdiction of that case.").

Accordingly, it is recommended that the motion for writ of error coram nobis [Cv-ECF 1] be DISMISSED without prejudice as improperly filed and that this case be CLOSED.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citations omitted).

SIGNED this 4th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Randy Rayshon Whitehead
    18901-104
    Pensacola FPC
    Federal Prison Camp
    Inmate Mail/Parcels
    Post Office Box 3949
    Pensacola, FL 32516
    PRO SE

Daniel Marcet
US Attorney's Office
HIDTA
11200 N.W. 20th Street
Miami, FL 33172
305-715-7642
Fax: 305-715-7639
Email: Daniel.Marcet@usdoj.gov

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov